IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tracy K. Rogers, ) | |
| ) | C/A No. 4:13-945-TMC |
| Plaintiff, ) | |
| v. ) | |
| ) | **ORDER** |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

Plaintiff Tracy Rogers ("Plaintiff") filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that he was the prevailing party and the position taken by the Commissioner in this action was not substantially justified (ECF No. 27). The parties have filed a joint stipulation in which the parties agree that an award of $5,500.00 in attorney's fees and expenses is reasonable in this case. (ECF No. 26).

Under the EAJA, a court shall award attorney's fees to a prevailing party[2] in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The

---

[1]Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed.R.Civ.P.25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

[2]A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). The remand in this case was made pursuant to sentence four.

district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap.  *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount."  *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

In his motion, Plaintiff sought an award of $187.98 per hour for 37.25 attorney hours for a total fee of $7,002.26.  As noted above, the Commissioner does not object to the award of attorneys' fees, and, in fact, the parties have executed a stipulation agreeing that $5,500.00 is a reasonable award for attorney's fees and expenses in this case.  (ECF No. 26 at 1).

Despite the fact that the parties have executed a stipulation allowing for the payment of attorneys' fees, the court is obligated under the EAJA to determine the proper fee.  *See Design & Prod., Inc. v. United States*, 21 Cl.Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").

Applying the above standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified and that Plaintiff's request for $5,500.00

in attorney's fees and expenses is appropriate. Accordingly, the court orders that Plaintiff be awarded $5,500.00 in attorney fees.[4]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 18, 2014
Anderson, South Carolina

---

[4]The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (June 14, 2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).