IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tracy K. Rogers, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Carolyn W. Colvin, )<br>Acting Commissioner of Social )<br>Security, )<br>Defendant. )<br>)<br>_____ ) | C/A No. 4:13-945-TMC<br><br><br><br>**ORDER** |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 29). Plaintiff seeks an award of attorney's fees in the amount of $12,356.74. *Id.* The Commissioner filed a response on January 12, 2015. (ECF No. 31). Although the Commissioner did not object to the request for attorney fees in the amount of $12,356.74, she requested that the court delay issuing an award of attorney fees until the final computation of the past due disability insurance benefits ("DIB"). (ECF No. 31 at 2). On January 15, 2015, Plaintiff filed a reply to the Commissioner's response. (ECF No. 32). On January 30, 2015, the Commissioner filed a response stating that the final computation of DIB had been calculated, and that she is in support of the fee amount of $12,356.74.

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

Based upon a review of the petition and these factors, the court finds that an award of $12,356.74 is reasonable. Pursuant to a contingency fee agreement, Plaintiff agreed to pay counsel twenty-five percent (25%) of any past-due benefits. Plaintiff was awarded $18,806.94 in back benefits for disability insurance and $14,105.20 for supplemental security income and, in compliance with 42 U.S.C. § 406(b)(1)(A), counsel's requested fee does not exceed twenty-five percent (25%) of these past-due benefits. Furthermore, the requested attorney's fee is reasonable given that counsel expended 37.25 hours working on this matter at the court level. *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F. Supp. 2d 769, 772–73 (W.D. Va. 2003).

Therefore, based on the foregoing, Plaintiff's motion for attorney's fees (ECF No. 29) is granted and Plaintiff is awarded $12,356.74 in attorney's fees, as requested.[1]

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

February 2, 2015
Anderson, South Carolina

---

[1] Plaintiff was previously awarded $5,500.00 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 28). Generally, an award of § 406(b) fees must be offset by any prior award of attorney fees granted pursuant to the EAJA. *Gisbrecht*, 535 U.S. at 796. However, because the Department of Treasury intercepted that amount to pay back child support owed by Plaintiff (ECF No. 29-6), the fees awarded pursuant to § 406(b) are not to be offset by the EAJA award.